

June 26, 2014

Honorable Frederick Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Tobierre et al. v. Wasserman, et al.</u>, 14-cv-2398 (FB) (CLP)

Dear Judge Block:

     We represent the Plaintiffs in this matter and write in response and opposition to the letter from Defendants' counsel filed by ECF on June 24, 2014 which requested a preliminary conference before the Court on potential dispositive motions Defendants intend to bring. At the heart of this case is the discriminatory behavior by Defendants against the individual Plaintiffs, all of whom are Black tenants living in the buildings owned by the Defendants. This behavior includes aggressive harassment and targeting of Black tenants in the subject buildings with an eye towards forcing them to vacate their apartments. The complaint asserts that when apartments are vacated of their Black occupants, Defendants re-rent them to white tenants who are not subject to the same discriminatory behavior. The Plaintiffs plead that these actions violate Section 3406 (b) of the Fair Housing Act ("FHA"). The two institutional Plaintiffs assert that Defendants' behavior has caused them an injury in fact and has also caused them to divert resources away from their missions to counteract the harmful effects of Defendants' acts.

     Defendants raise in their letter two grounds upon which they intend to base their motion to dismiss—that the organizational plaintiffs Flatbush Development Corporation ("FDC) and Flatbush Tenants Coalition ("FTC") lack standing to pursue their claims against Defendants, and that the complaint fails to state a cause of action under the Fair Housing Act ("FHA"). For the reasons set forth below, Defendants' proposed motion lacks merit because Plaintiffs have properly pleaded both the standing of the Plaintiffs and the claims under the FHA.

<u>Standing</u>

     An organization can have standing to sue in one of two ways—representational or organizational. An organization suing "on behalf of its members" has representational standing if "some

**South Brooklyn Legal Services**
105 Court Street, 4th Floor Brooklyn, NY 11201
Phone: 718-237-5500   Fax: 718-855-4189   www.sbls.org
**Meghan Faux**, Acting Project Director

**Towards Justice and Dignity for All – Por la Justicia y Dignidad de Todos**

particular member of the organization would have had standing to bring the suit individually." *New York Civil Liberties Union v. New York City Transit Auth.,* 684 F.3d 286, 294 (2d Cir.2012). An association has standing to bring suit on behalf of its members when (1) "its members would otherwise have standing to sue in their own right;" (2) "the interests it seeks to protect are germane to the organization's purpose;" and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Brock,* 477 U.S. 274, 275, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986) (quoting *Hunt v. Washington Apple Adver. Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). An organization may also "have standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Under this organizational standing approach, the plaintiff organization "must 'meet[ ] the same standing test that applies to individuals.'" *New York Civil Liberties Union v. New York City Transit Auth.,* 684 F.3d at 294.

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992), moreover, the Supreme Court made clear that there is a lower bar for establishing standing at the pleading stage—"general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id*, at 561. This Court just recently applied this liberal pleading standard in *New York Communities for Change v. New York City Dep't of Educ.*, 2012 WL 7807955 (E.D.N.Y. Aug. 29, 2012) *report and recommendation adopted*, 2013 WL 1232244 (E.D.N.Y. Mar. 26, 2013).

Plaintiffs FDC and FTC have standing to maintain this action. In their complaint, Plaintiffs FDC and FTC have sufficiently alleged their injury in fact by asserting that they each have at least one member who has standing to assert the claims in the suit; that the interests which they seek to protect through this lawsuit, namely preserving affordable housing and furthering tenants' rights are germane to their purpose; that the relief requested and the claims asserted do not require participation of their individual members; and that Defendants' actions have caused the Plaintiffs to divert their resources away from their missions to combat the effects of these actions. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S. Ct. 1114, 1124, 71 L. Ed. 2d 214 (1982). In this Circuit, even just a perceptible impairment of an organization's activities is sufficient for there to be an injury in fact. *Ragin v. Harry Macklowe Real Estate Co.,* 6 F.3d 898, 905 (2d Cir.1993) (citing *Havens Realty Corp.*); *Nnebe v. Daus*, 644 F.3d 147, 156-58 (2d Cir. 2011). Plaintiffs FDC and FTC, both of whose active catchment areas include the neighborhood in question, meet this threshold for standing.

<u>Sufficiency of the pleadings</u>

The complaint sets forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 193, 1949 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012). In determining the sufficiency of the initial pleadings, a Court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. Even after *Iqbal*, Courts in this Circuit have held that "a complaint that contains specific factual allegations as to events leading up to an adverse action, accompanied by conclusory allegations of discriminatory intent, suffices to state a discrimination claim." *Morales v. Long Island R. R. Co.* 2010 WL 1948606, at *3 (S.D.N.Y. May 14, 2010), citing *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008). An FHA violation may be established on a theory of disparate impact or one of disparate treatment. *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995). FHA claims, whether predicated on disparate treatment or disparate impact, are analyzed using

the *McDonnell Douglas* burden shifting framework. *Boykin v. KeyCorp*, 521 F.3d at 215 (applying *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973) to FHA disparate treatment claims). Under the *McDonnell Douglas* framework, once a plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory rationale for the challenged action. If the defendant articulates a nondiscriminatory reason for the challenged action, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action. *Wentworth v. Hedson*, 493 F. Supp. 2d 559, 564 (E.D.N.Y. 2007).

To establish a prima facie case of disparate treatment predicated upon 42 U.S.C. § 3604(b) the plaintiffs must make a modest showing that a member of a statutorily protected class was not offered the same terms, conditions or privileges of rental of a dwelling or was not provided the same services or facilities in connection therewith made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination. *Khalil v. Farash Corp.*, 452 F. Supp. 2d 203, 208 (W.D.N.Y. 2006) *aff'd*, 277 F. App'x 81 (2d Cir. 2008).

There can be no question that the initial pleading in this case meets and far exceeds the modest showing required to defeat a motion to dismiss at this stage of the proceeding. The complaint sets forth in exhaustive factual detail the occurrences, including general time frames, which gave rise to Plaintiffs' claims against Defendants and provides fair notice to Defendants of the basis of Plaintiffs' claims against them. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 999, 152 L. Ed. 2d 1 (2002). Taken together, they create a plausible case that 1) the Plaintiffs are all Black; 2) during the period between 2009, when Defendants purchased the subject properties, and the present, Defendants engaged in a pattern of harassment of the Plaintiffs with a view to getting them to move out of their affordable apartments; 3) Defendants did not treat white tenants in the same manner; 4) and Defendants' behavior was motivated by discriminatory intent.

Defendants are attempting to add requirements to the pleading standards that are not based upon case law or statute. Contrary to Defendants' position, Plaintiffs are not required to conduct a survey of all tenants in the buildings, past and present, in order to bring this case, nor were they required to test in the buildings. While it is true that Plaintiffs could have chosen to avail themselves of these options, they are certainly not required to do so in order to properly plead their case. Similarly, the racial composition of the neighborhood in which Plaintiffs live is irrelevant to their FHA claims and thus does not have to be set forth in the pleadings. Furthermore, the principal factual allegations of the complaint—that Defendants are violating the FHA by utilizing harassment and coercion to clear Black tenants from the buildings in order to replace them with white tenants—are required to be adjudicated in federal court, regardless of whether such harassment partly takes the form of frivolous proceedings commenced in the City Housing Court.

For the reasons stated above, Defendants' proposed motion lacks merit. Plaintiffs respectfully request that the Court does not schedule the pre-motion conference in this matter between July 4 – July 18, as lead counsel for the Plaintiffs is out of the country during that time period.

cc: All counsel via ECF                                              Respectfully submitted,

 

_____
Pavita Krishnaswamy (PK-1670)