UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN TOBIERRE, JOAN COLLIER, ISATA DEEN, TONI PORTER, SANDY TAYLOR, JIMMY FRANCOIS, HILARY GIBBS, SUZIE JOSEPH, JEAN WILKINSON, ALSTON PILGRIM, INGRID ATHERTON, FLATBUSH DEVELOPMENT CORPORATION, & FLATBUSH TENANTS COALITION,<br><br>Plaintiffs,<br>-against-<br><br>HOMEWOOD GARDENS ESTATES LLC, EASTERN HAWTHORNE REALTY 651 LLC, YESHAYA WASSERMAN, a.k.a. SHAY WASSERMAN, YITZCHOK RAMBOD,<br><br>Defendants. | Civil Action No. 14-cv-2398 (FB) (CLP)<br><br>**PROPOSED STIPULATED PROTECTIVE ORDER** |

It is hereby stipulated and agreed by the parties to this action through their undersigned counsel, and ORDERED by the Court, that the following terms and conditions shall govern the handling, disclosure, and use of all "Confidential Information" which is furnished orally, in writing, by visual inspection or otherwise, in connection with discovery to be conducted in the above-captioned action.

## DEFINITIONS

As used in the Order, the following terms shall have the meaning set forth below:

1) "Confidential" or "Confidential Information" shall mean information, documents or other tangible items supplied by any party to the Action, or other person who produces or supplies such information, for use in this Action in the course of discovery or otherwise, that the party reasonably and in good faith believes constitutes or contains confidential or sensitive information, including but not limited to personal information, trade secrets, proprietary

information, or information required to be maintained as confidential pursuant to a federal or state statute. All information derived from the inspection of the document, information or other tangible item that is designated as Confidential Material upon production of the copy thereof shall also be deemed Confidential Material.

2) "Disclosing Party" means a Signatory Party who produces or discloses documents or information in connection with discovery in this Litigation;

3) "Filing Party" means a Signatory Party who intends to use Confidential Information in connection with a motion, response a motion or other pleading or letter brief;

4) "This Litigation" means the above-captioned action;

5) "Receiving Party" means a Signatory party who receives documents or information in connection with discovery in this Litigation;

6) "Signatory Parties" shall mean any current parties to the litigation and any subsequently added Plaintiff or Defendant in this Litigation who has agreed to abide by the terms of this Order.

## DESIGNATION OF CONFIDENTIAL INFORMATION

7) Confidential Information shall be designated and produced as follows:

a. For produced documents or information, by imprinting the word "CONFIDENTIAL" on the face of each page containing Confidential Information or in a similarly conspicuous location for non-document materials.

b. For written discovery responses, by imprinting the word "CONFIDENTIAL" next to or above the particular response that contains Confidential Information.

c. For deposition testimony, by identifying in writing the particular testimony (by page and line) that is designated as Confidential, in accordance with Paragraph (15) below.

d.  The designation of Confidential Information shall be made at the following times:

e.  For documents and things, at the time of service of such documents and things, or copies thereof, upon the Receiving Party.

f.  For written responses to interrogatories or requests for admission, at the time of service of the written response;

g.  For oral disclosures, other than deposition testimony as addressed in Paragraph 15 below, through confirmation in writing within twenty (20) days of the first disclosure thereof.

h.  For deposition testimony, in accordance with Paragraph 15 below;

i.  With respect to information that is comprised of multiple pages, disks, or parts, each individual page, disk, and/or part shall be labeled Confidential in accordance with Paragraph (7) (a) above.

## RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION

8) A Receiving Party who reasonably believes that information produced in this litigation should not have been designated "Confidential" may object to the designation in writing within sixty (60) days following the close of discovery or disclosure of the information by the Disclosing Party, whichever is later, or else waive any objection to the designation.

9) Notwithstanding Paragraph (8), a failure to object to any designation of information as "Confidential" does not waive any party's right to challenge any motion to seal under Paragraph (1) or otherwise.

10) A Signatory Party who objects to the designation of information as "Confidential" shall identify, in writing, the specific designation(s) to which it objects and request a conference to resolve the conflict. Upon receiving an objection to a designation of information as "Confidential," the Disclosing Party shall participate in such conference within ten (10) business

days of receiving the objection. If, despite good faith effort, the parties cannot resolve the dispute informally, the party objecting to the designation shall, within twenty (20) business days of such conference, move the Court for an order lifting the designation. The failure to move for a protective order within such twenty (20) day period will result in the material at issue remaining designated as Confidential matter, subject to the protection of this Order.

11) If a challenge is made to the designation of the documents or information as "Confidential" pursuant to Paragraph 8, supra, the documents or information at issue shall continue to be protected as "Confidential" under the terms of this Order unless and until such time as the Disclosing Party expressly waives its assertion of confidentiality, or until the Court orders that the designation be removed.

## **ACCESS TO CONFIDENTIAL INFORMATION**

12) Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, Confidential Information shall be used by the Receiving Party solely for the purpose of this Litigation.

13) Confidential Material shall be disclosed only to the following individuals who shall not disclose, copy, retain, or use Confidential Material for any purpose other than for purposes of this Action or Related litigation: (a) The Court and its personnel in this litigation. (b) The parties to this Action. (c) Counsel of record in this Action who have made a formal appearance for a party or persons employed by that counsel's firm deemed by that counsel to be reasonably necessary to the representation of that's counsel's client ("Counsel of Record"). (d) Experts retained by a party or Counsel of Record on behalf of a party to this Action for purposes of testifying in this Action on technical issues in this Action or on damages issues in this Action. (e) Persons who are identified in the Confidential Material as having had previous access to the

Confidential Material but, as to such persons, their access to Confidential Material shall be limited to that Confidential Material in which they are identified. (f) Any certified court reporter or videographer recording or transcribing testimony.

## DEPOSITIONS

14) In the event that Confidential Information is disclosed by the Receiving Party to any person other than the persons to whom disclosure is authorized by this Order, the Receiving Party, shall, immediately upon learning of such disclosure, inform the counsel for the Disclosing Party of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such Confidential Information.

15) Disclosing Parties who wish to preserve portions of deposition testimony, transcript pages, or deposition exhibits as Confidential must:

    a.    order the transcript within five (5) days of the deposition;

    b.    designate the information as Confidential in the manner provided in Paragraph (7) (c), and

    c.    serve said designations on the parties within twenty (20) days after receipt of the transcript.

16) Deposition transcripts shall presumptively be considered to have been designated Confidential until the expiration of the period in Paragraph (15) (c).

## SUBPOENAS

17) Nothing herein shall require a party receiving Confidential Information to risk judicial, administrative, or legislative sanction if such material is subpoenaed by any court other governmental body

18) If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Confidentiality Order, such party shall promptly notify the party designating the material as confidential of the pendency of the subpoena, including when the requested information must be submitted by. Both parties recognize, in such a situation, that time is of the essence.

19) In the event that a subpoena requires production of such Confidential Information on less than five (5) days' notice, the party to whom the subpoena is directed shall give immediate written and telephonic notice of the receipt of such subpoena, demand or request and forthwith hand deliver, fax, or email a copy thereof, to the attorneys for the Disclosing party. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential Information without consent of the Disclosing Party unless:

    a.    the Disclosing Party fails to seek relief from the subpoena or request in a timely manner; or

    b.    notwithstanding the Disclosing Party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

## COURT FILINGS

20) Any party seeking to file with the Court a document or testimony previously designated as "Confidential" shall provide fourteen (14) days' notice prior to the filing of any such Discovery Materials with Confidential Information to the party who has designated the information as subject to protection, of their intent to file the document with the Court. Once notice has been provided, the party seeking to protect the information shall move the Court to compel the party seeking to file the information to do so under seal and shall show good cause why the need for confidentiality outweighs the public's right to understand the basis for the

Court's decision. Discovery not specially designated as Confidential may be lodged or filed by either party with the Court without seal.

21) This stipulation does not address the use of Confidential Information at trial. The parties will address the use of Confidential Information at trial through a separate agreement or motion practice at the appropriate time.

## PARTY'S OWN INFORMATION

22) Nothing in this Order shall prevent a Signatory Party from using, publishing or retaining any material or information that it obtained independent of the discovery process in this action, notwithstanding that a Signatory Party has designated such material or information as Confidential pursuant to this stipulation.

## CHANGES TO THE ORDER

23) This protective order is subject to modification by this Court upon good cause shown by either party to the litigation. Nothing herein shall preclude a party from applying at any time to the Court for (a) greater protection for Confidential Information than that provided in this Order, including but not limited to seeking a limitation on disclosure of particularly sensitive Confidential Information or (b) relief from (including, without limitation, the termination of) any or all of the provisions of this Order.

24) The parties shall confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Court for resolution of such dispute.

## OTHER TERMS AND CONDITIONS

25) Any materials or information inadvertently produced without identification as to its confidential nature may be so designated by the Disclosing Party by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within five (5) days following the discovery that the document or information was inadvertently produced without such designation.

26) When information or materials are designated as Confidential, any extracts, summaries or descriptions thereof also shall be subject to such designation.

27) This stipulation shall continue to be binding after the conclusion of this litigation.

28) Within thirty (30) days after the final termination of all litigation described in Paragraph (12) by settlement or exhaustion of all appeals, all material designated as Confidential shall be destroyed and a certificate attesting to the destruction shall be provided to the Disclosing Party.

## EXECUTION IN COUNTERPARTS

29) This Stipulation may be signed by counsel in counterparts. A facsimile signature shall be treated the same as an original signature.

Dated: December 23, 2014

_____
Pavita Krishnaswamy, Of Counsel
South Brooklyn Legal Services
105 Court Street, 4th Floor
Brooklyn, NY 11201
(718) 246-3269
Attorneys for Plaintiffs
So Ordered:

/s/ CHERYL POLLAK
_____

United States Magistrate Judge

_____
Jacob Laufer, P.C.
65 Broadway, Suite 1005
New York, NY 10006
(212) 422-8500
Attorneys for Defendants

Dated: 1/5/15